UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  19-CV-25244-GAYLES/OTAZO-REYES

EMILY CHEN,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN CRUISE LINE,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL (DE 73)

Plaintiff through undersigned counsel responds to Defendant's Motion of October 21, 2021 to Disqualify Plaintiff's Counsel (DE 73).  The Defendant seeks the harsh and sparingly applied remedy of disqualification, thereby disrupting the progress of this case and Plaintiff's ability to prosecute her claim, due to an exceedingly brief (nine day) employment of attorney Michael Dunlavy at the Gerson & Schwartz, P.A. law firm representing the Plaintiff, during which Mr. Dunlavy had no actual involvement in this case and did not even discuss it with any attorney or staff member at Gerson & Schwartz.  The Court should not countenance Defendant's tactical attempt to disrupt the progress of this case on technical and unsupported grounds.

"Motions to disqualify are governed by two sources of authority." *Herrmann v. Guttergard*, 199 Fed. Appx. 745, 752 (11th Cir. 2006).  In addition to local bar rules, "federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." Id.; *Flemings v. Miami-Dade County*, 2021 U.S. Dist. LEXIS 7295 at *19, 2021 WL 134415 (S.D. Fla. Case No. 20-cv-21406-

BLOOM/Louis, January 14, 2021). Thus, the rules regulating the Florida Bar, as adopted by the Florida Supreme Court for application in Florida state courts, provide guidelines for use by federal courts in regulating the conduct of Florida lawyers appearing before them. Nevertheless, Florida state court case law interpreting those Bar Rules is not binding on this Court when considerations of federal practice warrant a different application or interpretation of ethical principles, since a federal "court must retain the right to interpret and apply the [Florida rules] in a federal setting." *Bochese v. Town of Ponce Inlet*, 267 F.Supp.2d 1240, 1243 (M.D. Fla. 2003).

Furthermore, because " a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Herrmann*, 199 Fed. Appx. at 752, *quoting In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). Disqualification "is a drastic remedy and will not be granted lightly." *Flemings*, 2021 U.S. Dist. LEXIS 7295 at *19. It "is a harsh sanction, often working substantial hardship on the client" as well as the client's attorney, and therefore should be applied "sparingly." *Herrmann*, 199 Fed. Appx. at 752, *quoting Norton v. Tallahassee Memorial Hospital*, 689 F.2d 938, 941 n.4 (11th Cir. 1982); *Flemings*, 2021 U.S. Dist. LEXIS 7295 at *20. Accordingly, the party moving to disqualify bears the burden of proving any asserted grounds for disqualification. *Herrmann*, 199 Fed. Appx. at 752.

As the Defendant acknowledges, Mr. Dunlavy no longer works for or is associated with the undersigned counsel for Plaintiff or counsel's law firm. Thus, to the extent Defendant's motion seeks to disqualify Mr. Dunlavy, individually, from representing Plaintiff; it is moot.

The Defendant also, however, seeks an imputed or vicarious disqualification of the entire Gerson & Schwartz, P.A. law firm and all attorneys presently representing the Plaintiff, simply because Mr. Dunlavy had a vanishingly brief association (nine days) with the firm. The first four of those nine days consisted of training and orientation. Thereafter, all other attorneys in the

Gerson & Schwartz firm attended a conference in Atlanta, leaving Mr. Dunlavy as the only attorney physically working at the firm's office. *See* Exhibit 1, Declaration of Michael D. Dunlavy, Esq. at ¶¶6-7.  During Mr. Dunlavy's brief employment at Gerson & Schwartz, he had no actual role or activity whatsoever in representing the Plaintiff, did not review or perform any work on the Plaintiff's case, did not review any materials or portion of the case file pertaining to the Plaintiff, and did not even discuss the case with any attorney or "anyone" on the staff working at Gerson & Schwartz. Dunlavy Declaration at ¶¶8-13.  He also neither worked on nor discussed any other case in which the Defendant was a party. Dunlavy Declaration at ¶¶10-13.

Even under their strictest interpretation, the Florida Bar rules do not impose an automatic disqualification simply because an attorney leaves a law firm and becomes associated with a firm representing an adverse client in a substantially related matter.  Rather, disqualification becomes appropriate only when the attorney, while working at the previous firm, "acquired information protected by rules 4-1.6 and 4.1-9(b) and (c) [i.e., confidential information relating to the prior representation] that is material to the matter." Rules Regulating the Florida Bar 4-1.10(b).  The test under Florida decisional law is whether, in the course of the attorney's work at the prior firm, the attorney gained "actual knowledge of material, confidential information." *Koulisis v. Rivers*, 730 So.2d 289, 292 (Fla. 4th DCA 1999).  Whether an attorney acquired "actual" knowledge of information that is both "material" and "confidential" raises a "factual inquiry" that must be resolved before determining whether disqualification is appropriate. Id.

As explained in Mr. Dunlavy's accompanying declaration, attached as Exhibit 1, his work on this matter (and other matters) while employed at the Defendant's law firm was entirely remote and electronic. Dunlavy Declaration at ¶2.  He did not appear at any deposition, discovery hearing, or other in person, telephonic, or videoconference proceeding in this case.

Contrary to the suggestion in Defendant's motion, while Mr. Dunlavy may have listened to the mediation in this matter via telephone, he never argued or asserted any position; his involvement in the mediation, if any, was entirely passive, consisting merely of listening.

While Mr. Dunlavy's previous participation in representing the Defendant in this case was minimal, his participation during the nine days he was employed by Plaintiff's counsel's firm was less than minimal. During his brief employment with Gerson & Schwartz, P.A., he had no involvement whatsoever in Plaintiff's representation; he performed no research or writing relating to it, never appeared for the Plaintiff, never discussed the case with any attorney or staff member at the firm, and never reviewed any information relating to the case.

Under these circumstances the Defendant has not met its burden of showing a compelling ground to support the harsh and sparingly applied sanction of disqualification. Disqualification of Plaintiff's counsel would disrupt the progress of this case and impose on the Plaintiff the substantial hardship of seeking substitute counsel, not of her choice, after two years of litigation, a month before the current discovery deadline, and two months before the current dispositive motion deadline. Any substitute counsel would then require time to familiarize themselves with the pleadings, evidence and discovery in this action, further burdening the Plaintiff and further delaying the progress of this case. The Court need not and should not permit the Defendant to impose these wholly unnecessary burdens on the Court and Plaintiff without a far more substantial showing of an actual breach of confidentiality or other compelling grounds than the Defendant has shown or can show. The Defendant's Motion should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on all attorneys of record on the attached Service List on this 4th day of November, 2021.

                                      **s/Edward S. Schwartz**
                                      EDWARD S. SCHWARTZ
                                      Florida Bar No. 346721
                                      eschwartz@gslawusa.com
                                      NICHOLAS I. GERSON
                                      Florida Bar No. 0020899
                                      ngerson@gslawusa.com
                                      PHILIP M. GERSON
                                      Florida Bar No. 127290
                                      pgerson@gslawusa.com
                                      GERSON & SCHWARTZ, P.A.
                                      *Attorneys for Plaintiff*

**SERVICE LIST**

**19-CV-25244-GAYLES/OTAZO-REYES**

| | |
|---|---|
| Philip M. Gerson, Esq.<br>Florida Bar No.: 127290<br>pgerson@gslawusa.com<br>Nicholas I. Gerson, Esq.<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>Edward S. Schwartz , Esq.<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>David L. Markel, Esq.<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>Jared Ross, Esq.<br>Florida Bar No. 0083857<br>jross@gslawusa.com<br>Gerson& Schwartz, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:     (305) 371-6000<br>Facsimile:      (305) 371-5749<br>*Attorneys for Plaintiff* | Jeffrey E. Foreman, Esq.<br>Florida Bar No.: 0240310<br>Jforeman@fflegal.com<br>Thomas A. Briggs, Esq.<br>Florida Bar No.:663034<br>Tbriggs@fflegal.com<br>Jorgen Slots, Esq.<br>Florida Bar No.:116072<br>Jslots@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower, Suite 2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 358-6555<br>Fax: (305) 374-9077<br>*Attorneys for the Defendant* |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com